# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KRISTINE ANN LIEVEN, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN SARA COOPER, SECURITY DIRECTOR JON NOBLE, and CAPT. WENZEL, <br><br> Defendants. | Case No. 19-CV-660-JPS <br><br> **ORDER** |

Plaintiff, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1 and #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B).

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff's motion states that she is unemployed and receives government assistance to pay for food. Her expenses exceed $1,000 per month, and she has no savings. In light of these representations, the Court finds that Plaintiff is indigent for purpose of prepaying the filing fee. She will be granted leave to proceed *in forma pauperis*.

Notwithstanding the payment of any filing fee, however, when a plaintiff asks leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff alleges that Defendant Capt. Wenzel ("Wenzel") applied excessive force to her on August 3, 2018, while she was incarcerated at Taycheedah Correctional Institution. (Docket #1 at 4–5). She suggests that Defendants Warden Sara Cooper ("Cooper") and Security Director Jon Noble ("Noble") did not appropriately respond to her complaints about Wenzel's conduct. *Id.* at 5–7. She also describes a conversation with Noble which she characterizes as threatening. *Id.* at 6–7. Plaintiff does not actually describe any discrete claims she wishes to pursue, only that she seeks damages and "a declaration saying [Defendants] were wrong[.]" *Id.* at 8.

Plaintiff's allegations, viewed generously, state a claim for excessive force under the Eighth Amendment. The Eighth Amendment's proscription of cruel and unusual punishment prohibits prison authorities from "unnecessarily and wantonly inflicting pain on inmates." *See Rivera v. Drake*, 497 F. App'x 635, 637 (7th Cir. 2012). Use of force that is maliciously motivated, unrelated to institutional security, and lacks a legitimate penological justification violates the Eighth Amendment. *Id.* Plaintiff alleges that Wenzel painfully twisted her arms and wrists, causing her injury, without any need to use force. Whether the facts bear this out must be left for another day.

Plaintiff states no claims, however, against Cooper or Noble. Neither of them were in a position to intervene to stop Wenzel. In other words, their handling of Plaintiff's subsequent written complaints could not turn back time and undo what Wenzel had done. Thus, they cannot bear Eighth Amendment liability with respect to Wenzel's conduct. As to the conversation with Noble, while Plaintiff may have found it unpleasant, an

unfriendly discussion does not rise to the level of a constitutional violation. Cooper and Noble will be dismissed as defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Warden Sara Cooper and Security Director Jon Noble be and the same are hereby **DISMISSED** as defendants in this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant Capt. Wenzel; and

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant Capt. Wenzel shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this Order.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge